EDWARD H. THEROUX

vs.

FOTIOS SAVOKIS, ET AL.

Superior Court    New Haven County    File #52889

Present:  Hon. PATRICK B. O'SULLIVAN, Judge.

Vincent P. Dooley,    Attorney for the Plaintiff.

Levy & Levy;
Isadore Chaplowe,    Attorneys for the Defendants.

## MEMORANDUM FILED OCTOBER 20, 1937.

O'SULLIVAN, J. Since 1934, Edward Theroux has been the owner of the premises on the southeast corner of Goffe and Webster Streets in the City of New Haven, which were formerly owned by Beulah Heights First Pentecostal Church Jesus Only, an ecclesiastical corporation. While still the owner, this corporation, in 1931, leased a portion of these premises to Fotios Savokis and Milton Savokis for a term of seven and one-half years from January 1st, 1932, with an option for an additional term of five years. In drafting and executing the lease, the corporation was named as "Buelah Heights First Pentecostal Church, Inc." The lease was presented to and recorded by the Town Clerk who caused it to be indexed under the appropriate subdivision of the letter "B".

One Sterling held a mortgage upon the premises and in 1933 he instituted an action of foreclosure but failed to include Savokis and his brother among the parties defendant as he had no knowledge of their leasehold. There was no redemption on the part of anyone in conformity with the judgment in his action, and Sterling became the owner of the premises in 1933. In 1934, he conveyed them to the plaintiff by warranty deed in which no mention was made of the lease. Shortly before the conveyance was made the lessees had organized a corporation known as F. & M. Savokis, Inc., to which they sold their fixtures, merchandise and goodwill. The corporation has operated the store in the leased premises since a time prior to the acquisition of title by the plaintiff. Milton Savokis was adjudicated a bankrupt in 1936. In his schedule he listed as a liability the lease in question. He is no longer connected with the corporation.

It was not until 1936 that the plaintiff learned of the existence of the lease. Until that time he had accepted rent from Savokis and the other tenants in the building under the impression that their leases were those of a month to month type.

The plaintiff seeks a declaratory judgment defining the rights of the parties under the lease. He also asks that the lease be declared void, that his title be quieted, and that he obtain possession of the premises.

The defendant corporation has filed a demurrer which sets forth eleven grounds of attack. Of these, one alleges that it is immaterial whether Sterling had actual knowledge of the

existence of the lease because it was recorded in the Town Clerk's office and from this fact Sterling had constructive knowledge which bound him. With inflexible adherence, Connecticut has made every title of land, so far as practicable, appear of record and has held the record constructive notice to all the world of land titles. But where, as here, the record discloses that the name of a lessor is different from the name of the owner of the property whose title is being searched the doctrine of constructive notice is not applicable. So far as the Town Clerk's record discloses in this case, no lease was ever given by the owner of the land to Savokis and his brother.

The other reasons of demurrer require no discussion as they either are addressed to individual paragraphs of the complaint rather than to a cause of action or are obviously without merit.

Accordingly, the demurrer is overruled.