[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter comes before the Court on plaintiff's motion to strike the first, second and third special defenses of the defendant. CT Page 7849
This is an action in replevin. As a general rule, a defendant may interpose any defense which questions the plaintiff's title or right to possession, or upholds the plaintiff's taking or lawful detention. See 66 Am Jur 2nd, [66 Am.Jur.2d], 864, sec. 47. A careful analysis of the first and second special defenses indicates a failure of these defenses to meet the above criteria. They neither question the plaintiff's title or right to possession or justify the defendant's taking/unlawful detention of the property.
Both special defenses fail to set forth any coherent or recognizable defenses to an action in replevin. Further, they fail to allege facts consistent with the cause of action which would tend to negate defendant's liability. See Higley v. Regional Education Service, 5 CSCR 319, 326 (April 6, 1990, Stodolink, J.).
Similarly, the third special defense is also inappropriately raised. CUTPA is a remedial statute and should not be raised as a defense. The proper approach is to have raised it in a counterclaim if, in fact, it belongs in these proceedings at all. See Web Press Services Corporation v. New London Motors, Inc., 203 Conn. 342, 354 (1987).
Motion to strike the three special defenses is granted.
Mihalakos, J.